In the Matter of Jane G. Cridland, Appellant, against The City of Beacon, Respondent.— No opinion. Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur.

In the Matter of Archibald Edgar, Appellant, v. Edward T. Riordan, Respondent.— In our opinion the statements in the moving affidavit—which are uncontradicted—justify a finding that the respondent's income is at least fifty dollars per week; and considering the reasonable requirements of the respondent and his family, he is directed to pay five dollars per week on account of the judgment. Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur.

In the Matter of the Estate of Rudolph R. Noll, Deceased. Otto Ruprecht et al., Individually and as Executors and Trustees of Rudolph R. Noll, Deceased, et al., Appellants; Gerda Noll et al., Respondents.— In the probate proceeding in 1933 the Surrogate's Court obtained jurisdiction over all the parties and duly appointed a special guardian to represent the interests of the infant. No objections were offered and the petitioners for probate presented a *prima facia* case as to the validity of the execution of the will and the Surrogate was satisfied and determined that the testator was in all respects competent to make a will, that he was free from restraint and undue influence, and that the will had been executed in compliance with the statute. No appeal was taken from that decree. Since then the widow has accepted benefits under the will and has instituted proceedings in which she recognized the validity thereof. The will itself does not appear to be an unnatural one. In these circumstances, after the lapse of almost nine years, the petitioners may not be heard in an attack upon the validity of the will or the testamentary capacity of the testator. Lazansky, P. J., Hagarty, Adel and Close, JJ., concur; Carswell, J., dissents and votes to affirm.